Turley, J.,
delivered the opinion of the court.
William Fowler, a constable of Fentress county, executed' to W. M. Bledsoe his receipt for a note ón W. H. McGee for twenty dollars to be accounted for -according to law. Upon this note a judgment was duly rendered, but no execution was ever issued thereon; and the ..action is brought to charge the defendant for damages, which the plaintiff alledges he sustained, by reason of this neglect. Upon the trial, ample proof was introduced showing that W. H'. McGee was insolvent, and that the debt could not have been collected, if an execution had been issued against him. But the judge charged the jury, “that the defendant by signing the receipt, gave a peculiar character to his agency for the plaintiff; that he thereby showed, that it was his design to employ his official agency to get out the process, which as constable, he would be bound to execute, to obtain a judgment, and execution on the judgment, and then to exhaust the legal means of collecting the debt; that there was no other way by which McGee’s insolvency could be legally shown, and that, if defendant did not go to that extent, he yvas liable.”
Upon this charge, there was a verdict and judgment against the defendant. -We think the charge is erroneous. A constable as such in the collection of debts is only bound to execute such process, as is placed in his hands by the plaintiff, a war *510 rant to summon the party to appear, and an execution to satisfy the judgment, and these he must execute according to law at his peril; but he is not officially bound to- cause such process tobe issued by the justice. But if he gave his receipt for a note, and in it agrees to collect the same, he becomes the agent for the collection of that debt, and is bound to use a reasonable diligence in its collection. Therefore he must obtain a judgment and execution thereon within a Reasonable time, and if he neglect to do so, and thereby the debt be lost, he is personally responsible for it. But if the debtor be insolvent and nothing could have been made out of him by judgment and execution, no damages could be sustained by a neglect in obtaining» either the one or the other, and the fact of such insolvency is a good defence to an action for negligence in this particular. ,
The judgment of the circuit court will therefore be reversed, and the case remanded for a new tidal.